**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RICKY GREEN,

        Petitioner,

v.                                             Civil No. 99-464 MV/WWD

DONALD A. DORSEY, et al.,

        Resepondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

    1.   THIS MATTER comes before the Court upon Respondent's Motion to Dismiss, filed July 13, 1999 **[docket # 12]**.  Petitioner, who is proceeding pro se and in forma pauperis,  has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He is currently confined pursuant to the judgment, sentence and commitment of the Fifth Judicial District in the County of Eddy for cocaine trafficking.[1]

    2.   Respondents move to dismiss the petition on the ground that it is time-barred under 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  AEDPA established a one-year time limitation for filing petitions and mandated that the period begin to run on the "date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The statute also provides a tolling of the limitations period for any "properly filed" applications for "post-conviction or other collateral review."  Id.; see Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998).

---

[1] Petitioner has not responded to the Motion to Dismiss.

3.    Petitioner's conviction became final on May 22, 1996, 90 days after his direct appeal.

See Ans., Ex. J.[2]   Since his conviction became final after AEDPA's effective date, Petitioner had

one year from the date his conviction became final to file his federal petition, i.e., he would have

had to file his petition by May 22, 1997, with the period tolled for any time within that year in

which he was pursuing post-conviction relief.  See Demarest v. Price et al, 130 F.3d 922, 926 (10th

Cir. 1997) (new habeas corpus statutes generally apply to cases filed after the AEDPA became

effective); cmp., Miller v. Marr, 141 F.3d 976, 977 (10th Cir.1998) (petitioner whose conviction

became final on or before April 24, 1996 has one year from that date to file a habeas petition).

4.    Petitioner's federal petition was filed on April 26, 1999.  Petitioner subsequently was

ordered to cure defects by re-filing the petition using the proper form. He filed his petition with the

proper form on May 4, 1999.  However, Petitioner's original petition provides sufficient notice to

the Court as to the purpose of the pleading and the issues raised so as to consider the date of the

earlier petition for the filing date.  I have not taken into account the "mailbox rule" under which the

filing date would be April 17, 1999, the date Petitioner placed his petition in the prison mailing

system, because this makes no difference in whether his petition is timely.[3]

5.    Green filed his state habeas petition during the pendency of his direct appeal.  Because the

---

[2]  See Rhine v. Boone, 1999 WL 459312, *1 (10th Cir.(Okla.)) (citations omitted)
(conviction is not final and the one-year limitation period for filing for federal post-conviction relief
does not begin to run until after the United States Supreme Court has denied review, or, if no
petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme
Court has passed. (citations omitted); Sup.Ct.R.13.

[3]  See Conner v. LeMaster et al., 1999 WL 76883 (10th Cir. NM) (citing Houston v. Lack,
487 U.S. 266, 270 (1988) (inmate may rely upon the "mailbox rule" in filing a federal habeas
petition); but see, Barnett v. Lemaster, 167 F.3d 1321, 1323 n.2 (10th Cir. 1999) (not taking
"mailbox rule" into account in calculating timeliness of federal habeas petition).

petition was denied on January 11, 1995, well before his direct appeal became final, and thus before the one-year limitations period had even started to run, no tolling is necessary.  See Ans., Exs. K & L; see 2244(d)(2) (time during which properly filed application for post-conviction or collateral review "shall not be counted toward any *period of limitation* under this subsection") (emphasis supplied).

6.  Petitioner filed his first federal habeas petition on May 22, 1996, which was dismissed on the basis that the petition contained unexhausted claims.  See Orig. Pet., Ex. A.  By coincidence, the one-year limitations period started to run on the same day this federal petition was filed, since that was the day on which Green's conviction became final.  Even allowing tolling for the almost eight months in which his petition was pending in federal court, Green's present petition is still untimely by well over a year.[4]  Tolling the limitations period for a total of 225 days the first petition was in federal court (from May 22, 1996 to January 2, 1997), Petitioner had until January 3, 1998 (May 22, 1997 plus 225 days) to file a timely federal petition.  Instead, his petition was not filed until April 26, 1999.

7.  After the first federal petition was dismissed without prejudice, Green filed a motion to exhaust in state court which the court construed as a state habeas corpus petition.  However, in this case, the period in which that petition was pending in state court is not tolled (from November 9, 1998 to March 3, 1999), since he did not file that petition until ten months *after* the limitations period had already run and expired.

8.  In sum, Petitioner's decision to exhaust all his claims before returning to federal court ran afoul of AEDPA's statute of limitations which applies to his case.  Cmp., Rose v. Lundy, 455 U.S. 509,

---

[4]  I find no controlling case law addressing whether the limitations period is to be tolled for time in which habeas petitions are pending in *federal* court, but I am nevertheless allowing tolling based on the language in the relevant statute.  See 28 U.S.C. § 2244(d)(2) (referring to post-conviction *or other collateral review*) (emphasis supplied).

521 (1982), cited in Clark v. Tansy, 13 F.3d 1407, 1409 (10th Cir. 1993) (petitioner can choose to re-file a petition containing solely the exhausted claims and risk losing the chance to present the unexhausted claims later, or delay his habeas petition altogether pending the exhaustion of all of his claims).  Even affording Petitioner the most liberal application of the tolling provision, his federal petition is still untimely.

## Recommendation

I recommend that Respondent's Motion to Dismiss **[docket # 12]** be GRANTED and that Petitioner's application for Writ of Habeas Corpus be denied and this cause be dismissed with prejudice.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections with the clerk of the district court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE